J-S60030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WADE JUSTIN THOMAS :
:
Appellant : No. 471 MDA 2018

Appeal from the Judgment of Sentence February 13, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0003029-2015,
CP-40-CR-0003036-2015

BEFORE: SHOGAN, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED NOVEMBER 19, 2018**

Appellant Wade Justin Thomas appeals from the judgment of sentence imposed following the revocation of his probation.  Appellant asserts that the trial court resentenced him to an excessive sentence in light of his rehabilitative needs.  Appellant's counsel has filed a petition to withdraw and filed an ***Anders***/***Santiago***[1] brief. We affirm and grant counsel's petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

Appellant pled guilty on February 10, 2016, at two different dockets. At CP-40-CR-0003029-2015, Appellant pled guilty to simple assault,[2] and at CP-40-CR-0003036-2015, Appellant pled guilty to resisting arrest.[3] On March 18, 2016, the trial court sentenced Appellant to an aggregate sentence of nine to eighteen months of incarceration, to be followed by two years of probation, plus fines and costs.[4]

Appellant filed a motion to modify sentence, seeking a reduced sentence and for his periods of incarceration for each offense to run concurrently. The motion to modify sentence was denied. Appellant did not file a direct appeal.

Appellant violated his probation in 2017 by failing to report and failing to make payments for his fines and costs. Appellant admitted the violations on February 5, 2018, and requested a continuance to apply for restrictive intermediate punishment. The hearing was continued to February 13, 2018. On February 13, 2018, Appellant admitted that he had pled guilty to resisting arrest in a new case while on probation. N.T. 2/13/18, at 9.

_____

[2] 18 Pa.C.S. § 2701(a)(1).

[3] 18 Pa.C.S. § 5104.

[4] Specifically, the trial court sentenced Appellant to six to twelve months of incarceration and one year of probation for simple assault, and three to six months of incarceration and one year of probation for resisting arrest, to run consecutively.

The trial court resentenced Appellant on February 13, 2018, to an aggregate sentence of eleven to twenty-two months' incarceration.[5] Appellant filed a petition for reconsideration of sentence on February 23, 2018, asserting that he was recommended for a 90-day inpatient treatment for alcohol addiction, asking that time in a rehabilitation facility count toward his sentence, and requesting a reduced sentence overall. Pet. for Reconsider. of Sentence, 2/23/18, at 2 (unpaginated). The trial court denied Appellant's petition for reconsideration on March 14, 2018.

Appellant filed a timely notice of appeal on March 15, 2018.[6] Counsel filed a timely court-ordered concise statement pursuant to Pa.R.A.P. 1925(c)(4), in which counsel indicated his intent to withdraw pursuant to **Turner**-**Finley**.[7] The trial court filed a Pa.R.A.P. 1925(a) opinion.

---

[5] The trial court resentenced Appellant to eight to sixteen months of incarceration for resisting arrest, and three to six months of incarceration for simple assault, to run consecutively.

[6] Appellant was sentenced at two dockets but only filed one notice of appeal. **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), specifies that going forward, separate notices of appeal must be filed when an order deposes of issues on more than one docket. **See Walker**, 185 A.3d at 971 ("[P]rospectively, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case."). However, as the instant appeal was filed before **Walker** was decided, we need not quash.

[7] Appellant's counsel cited to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), in his Rule 1925(c)(4) statement. We note that **Turner** and **Finley** govern the withdrawal of counsel in proceedings under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. **See Commonwealth v.**

- 3 -

The question presented on appeal is "[w]hether the trial court abused its discretion when it imposed a sentence of total confinement, following revocation of probation, for an aggregate term of 11 months to 22 months?" *Anders*' Brief at 1.

Initially, we note that we may not review the merits of the underlying issues without first examining counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to Appellant; and (3) advising Appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that Appellant considers worthy of the court's attention. *See id.*

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in *Santiago*, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Widgins*, 29 A.3d 816, 817 n.2 (Pa. Super. 2011). However, as discussed below, Appellant's counsel has properly sought leave to withdraw in this direct appeal under *Anders* and *Santiago*.

*Santiago*, 978 A.2d at 361. Only after determining that counsel has satisfied these technical requirements, may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted); *accord Commonwealth v. Yorgy*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Counsel has complied with the procedures for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining his rights, and supplying Appellant with a copy of the *Anders* brief. *See Goodwin*, 928 A.2d at 290. Moreover, counsel's *Anders* brief complies with the requirements of *Santiago*. Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claim, and sets forth the conclusion that the appeal is frivolous. Counsel explains his reasoning and supports his rationale with citations to the record and pertinent legal authority. Thus, counsel has complied with the technical requirements for withdrawal, *see Santiago*, 978 A.2d at 361, and we will independently review the record to determine if any non-frivolous issues are raised. *See Flowers*, 113 A.3d at 1250.

The issue identified by counsel is whether the trial court's sentence was excessive. More specifically, counsel indicates that Appellant intends to argue that the trial court abused its discretion when imposing a sentence of total confinement instead of ordering admission to a drug and alcohol inpatient rehabilitation program. Appellant's Brief at 5. Counsel notes that Appellant

believes that the sentence imposed was too harsh and that a ninety-day inpatient treatment would have better served his rehabilitative needs since his alcohol addiction was the underlying cause of his criminal conduct. *Id.* In making this argument, counsel notes that Appellant informed the trial court that he was willing to abide by all conditions imposed on him while in treatment for addiction. *Id.* Alternatively, Appellant's counsel suggests that a shorter sentence, in which the sentences were concurrent instead of consecutive, would have been appropriate. *Id.*

The claim counsel raises is a challenge to the discretionary aspects of sentence. An appeal challenging the discretionary aspects of a sentence must raise a substantial question that the sentence imposed was not appropriate under the Sentencing Code. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (citation omitted). Appellant must also meet the requirements that the appeal was timely, the issues were preserved, and that Appellant's brief contains a concise statement of the reasons relied upon for allowance of appeal. *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa. Super. 2006).

"[A] bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question." *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013) (citation omitted). However, a claim that the trial court failed to address the rehabilitative needs of the defendant in combination with a claim that the consecutive sentences is excessive raises a substantial question. *Commonwealth v. Caldwell*, 117 A.3d 763, 770

(Pa. Super. 2015) (*en banc*). Instantly, Appellant's appeal was timely, he preserved his issue, and his appellate brief contains a concise statement of the reasons relied upon for allowance of appeal. Thus, Appellant has met the requirements as set forth in ***Malovich***. Accordingly, we address Appellant's discretionary aspects of sentencing claim.

> The sentence imposed
>
> following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Colon***, 102 A.3d 1033, 1043 (Pa. Super. 2014) (citation omitted).

The Sentencing Guidelines do not apply in the context of a revocation sentence. ***Commonwealth v. Derry***, 150 A.3d 987, 992 (Pa. Super. 2016). However, the court must consider the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. ***See Dodge***, 77 A.3d at 1272 n.8; ***see also Cartrette***, 83 A.3d at 1042-43. Once probation has been revoked, a sentence of total confinement may be imposed if any of the following exist:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or,

(3) such a sentence is essential to vindicate the authority of court.

42 Pa.C.S. § 9771(c).

> Here, the trial court noted:
>
> In the instant appeal, the sentence imposed was based on a thorough review of [Appellant's] prior history and the current revocation. At the time of resentencing, the trial court listed the many revocations and reinstatements of probation specifically noting that [Appellant] absconded on several occasions and was placed back into treatment programs after he was revoked. [Appellant's] repeated behavior of starting counseling and then unilaterally stopping the treatment was discussed as were his pending warrants and new charges while serving probation and parole sentences.
>
> The sentence imposed by the trial court clearly took into consideration [Appellant's] drug and alcohol issues, history of treatment, history of new arrests and the inability to follow the rules and recommendations of the probation and parole office.

Trial Ct. Op., 6/14/18, at 3-4.

Instantly, contrary to Appellant's contention, the trial court addressed Appellant's rehabilitative needs. *See id.* Additionally, the trial court considered the factors in Section 9721(b), including confinement consistent with the protection of the public and Appellant's rehabilitative needs. *See* 42 Pa.C.S. 9721(b); *see also Cartrette*, 83 A.3d at 1042-43. Accordingly, we perceive no abuse of discretion with the trial court's conclusion that total confinement of Appellant was appropriate, considering that Appellant admitted to pleading guilty to resisting arrest in a new case and was likely to commit another crime. *See* 42 Pa.C.S. § 9771(c); *Colon*, 102 A.3d at 1043.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/19/2018